# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Metropolitan Life Insurance Company** | § § § | |
| Plaintiff, | § | |
| v. | § § | **CIVIL ACTION NO.** |
| **Ladislao Arredondo, Jr., Rebecca Arredondo Fry, Sofia Arredondo, and Amanda Arredondo,** | § § § § | |
| Defendants. | § § | |

## COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), for its complaint in interpleader, alleges as follows:

### PARTIES

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Texas.

2. Upon information and belief, Defendant Ladislao Arredondo, Jr. is the surviving son of Maria Gloria Arredondo (the "Decedent"), and resides in Brownsville, Cameron County, Texas.

3. Upon information and belief, Defendant Rebecca Arredondo Fry is a surviving daughter of the Decedent and resides in Brownsville, Cameron County, Texas.

4. Upon information and belief, Defendant Sofia Arredondo is a surviving daughter of the Decedent and resides in South Padre Island, Cameron

County, Texas.

5. Upon information and belief, Defendant Amanda Arredondo is a surviving granddaughter of the Decedent and resides in Brownsville, Cameron County, Texas.

## JURISDICTION AND VENUE

6. This is an interpleader action pursuant to 29 U.S.C. §1132(e)(1) and Rule 22 of the Federal Rules of Civil Procedure. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1), because the action arises under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et. seq. ("ERISA").

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), 28 U.S.C. §1397, and 29 U.S.C. §1132(e), because this is a civil action to clarify the rights to ERISA benefits and one or more defendants reside in this district.

## FACTS

8. For a period prior to her death, the Decedent was an employee of Levi Strauss & Company ("LSC") and a participant in LSC's Employee Benefits Plan (the "Plan"), an ERISA-governed employee welfare benefit plan. The Plan provides eligible Exempt and Non-Exempt Distribution Centers Retirees with Basic and Supplemental life insurance benefits that are funded by a group life insurance policy issued by MetLife. A true and correct copy of LSC's Basic and Supplemental Life Insurance plan document is attached hereto as Exhibit A.

9. Upon information and belief, the Decedent died on June 24, 2019. A true and correct copy of Decedent's death certificate, as it was provided to MetLife, is attached hereto as Exhibit B.

10. At the time of her death, the Decedent was enrolled in the Plan for Basic and Supplemental Life Insurance coverage in the total amount of ten thousand dollars ($10,000.00) (the "Plan Benefits"). Pursuant to the terms of the

Plan, the Plan Benefits became payable upon the Decedent's death.

11. At issue in this matter are the undistributed portion of the Plan Benefits (the "Unpaid Plan Benefits").

12. MetLife, as a claims fiduciary under the Plan, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

13. ERISA defines a beneficiary as [a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

14. LSC's Basic and Supplemental Life Insurance Plan establishes the right of a Plan participant to name his or her beneficiary. *See* Exhibit A, at p. 32.

15. On March 29, 2019, Decedent submitted a Beneficiary Designation to MetLife relating to Decedent's Plan Benefits (hereinafter the "2019 Beneficiary Designation"). The 2019 Beneficiary Designation names Decedent's son, Ladislao Arredondo, Jr., as the sole primary beneficiary of the Plan Benefits. A true and correct copy of the 2019 Beneficiary Designation is attached hereto as Exhibit C.

16. The next most recent Beneficiary Designation provided to MetLife is dated February 22, 2010 (hereinafter the "2010 Beneficiary Designation"). The 2010 Beneficiary Designation named Decedent's son, Ladislao Arredondo, Decedent's daughters Rebecca Fry and Sofia Arredondo, and Decedent's granddaughter, Amanda Arredondo, as equal beneficiaries, each to receive a 25% share of the Plan Benefits, with Ladislao Arredondo designated as a primary beneficiary, Rebecca Fry designated as a contingent beneficiary, and Sofia Arredondo and Amanda Arredondo left undesignated as either primary or contingent beneficiaries. A true and correct copy of the 2010 Beneficiary Designation is attached hereto as Exhibit D.

17. On July 8, 2019, Ladislao Arredondo, Jr. submitted a claim to MetLife for the Decedent's Plan Benefits. A true and correct copy of the Life insurance claim form submitted by Ladislao Arredondo is attached hereto as Exhibit E.

18. On or about July 14, 2019, Rebecca Fry and Sofia Arredondo submitted documents to MetLife challenging the 2019 Beneficiary Designation. The submitted documents allege that potential undue influence was exerted on the Decedent by the beneficiary to sign the 2019 Beneficiary Designation, and that the beneficiary has a prior history of fraud. A true and correct copy of letter submitted by Rebecca Fry and Sofia Arredondo is attached hereto as Exhibit F.

19. Because Ladislao Arredondo is an undisputed 25% beneficiary pursuant to both the 2019 Beneficiary Designation and the prior 2010 Beneficiary Designation, MetLife distributed 25% of the Plan Benefits, in the amount of two thousand five hundred dollars ($2,500.00), plus applicable interest, to him on or about August 21, 2019. A true and correct copy of the check evidencing the 25% distribution to Ladislao Arredondo is attached hereto as Exhibit G. Due to the challenge to the 2019 Beneficiary Designation, the remaining 75% of the Plan Benefits (the "Unpaid Plan Benefits") are in dispute and have yet to be distributed by MetLife.

20. In light of the adverse claims to the Unpaid Plan Benefits, MetLife sent a letter to all of the claimants on August 21, 2019, informing them that their claims were adverse and raised questions of law and fact that could not be resolved by MetLife without exposing the Plan to the danger of double liability. In this letter, MetLife further advised the claimants that, due to the uncertainty regarding which beneficiary designation controlled, MetLife was obligated to initiate an interpleader action, but that it was first going to give them the opportunity to resolve the matter in order to preserve the Unpaid Plan Benefits

from litigation costs and fees. A true and correct copy of the August 21, 2019 letter from MetLife to the claimants is attached hereto as Exhibit H.

21. Upon information and belief, no resolution has been reached among the claimants with respect to the distribution of the Unpaid Plan Benefits.

## CAUSE OF ACTION IN INTERPLEADER

22. MetLife re-alleges, as if fully set forth in this paragraph, the allegations set forth in Paragraphs 1 through 21 of this Complaint in Interpleader.

23. As a result of the facts described above, the Unpaid Plan Benefits are subject to competing claims by Defendants. These claims are rival and conflicting, and MetLife cannot determine the proper beneficiary or beneficiaries of those benefits without exposing itself and the Plan to multiple liability.

24. Consequently, conflicting issues of fact and law exist as to disbursement of the Unpaid Plan Benefits.

25. MetLife is merely a disinterested stakeholder in this matter and claims no beneficial interest in the Unpaid Plan Benefits except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader. MetLife has neither claim nor interest in the Unpaid Plan Benefits and has not colluded with any Interpleader Defendant with respect to the Unpaid Plan Benefits. MetLife has filed this action in interpleader of its own free will to avoid potential multiple liability and unnecessary suits and costs. MetLife is now, and at all times has been, ready and willing to pay the Unpaid Plan Benefits to the party legally entitled to them.

26. Upon permission from the Court, MetLife will deposit the Unpaid Plan Benefits into the registry of the Court, in the amount of $7,500.00, plus any applicable interest due and owing under the terms of the Plan (or applicable law), for disbursement in accordance with the final judgment of this Court.

27. As a result of the rival claims described above, it has become

necessary for MetLife to retain the services of attorneys to bring this action in Interpleader and MetLife is entitled to an award of attorneys' fees and costs reasonably incurred in bringing this action in Interpleader.

WHEREFORE, having fully pled, MetLife respectfully requests that the Defendants be required to interplead their claims to the Unpaid Plan Benefits, and that the Court:

A. Issue an Order allowing MetLife to deposit the Unpaid Plan Benefits, in the amount of $7,500.00, plus applicable interest, into the registry of the Court;

B. Order the Defendants to answer and present their respective claims to the Unpaid Plan Benefits;

C. Issue an Order and Injunction restraining and enjoining the Defendants from instituting any action or proceeding in any state or federal court against MetLife for the recovery of the Unpaid Plan Benefits, or any portion thereof;

D. Issue an Order and Judgment releasing and discharging MetLife, the Plan, the Plan Administrator, and Levi Strauss & Company from any and all liability to the Defendants on account of any claim arising from or related to the payment of the Unpaid Plan Benefits, and dismissing MetLife with prejudice from this Action;

E. Require that the Defendants litigate (or settle and agree) among themselves their claims for the Plan Benefits, and have the Court determine to whom the Unpaid Plan Benefits, plus any applicable interest, should rightfully be paid;

F. Award MetLife its costs and attorneys' fees in connection with this action, to be paid from the Unpaid Plan Benefits prior to any award of said Unpaid Plan Benefits to any Defendant; and

G. Order such other and further relief as this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Stephanie C. Ng*
Stephanie C. Ng
Attorney-in-Charge
Texas Bar No. 24098176
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: (713) 655-5755
Fax: (713) 655-0020
stephanie.ng@ogletreedeakins.com

**ATTORNEYS FOR PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY**